[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff and defendant married in West Hartford, Connecticut, on June 3, 1983, approximately eight years ago. It was the first marriage for each of them. They have each resided in this state for the past twelve months. Neither are recipients of public assistance from the State of Connecticut or of any governmental subdivision. Each testifies that their marriage has broken down irretrievably.
One child has been born to them: Ronald A. Pac, Jr., born June 22, 1986, now almost four years of age.
Pendente lite orders of $200 a week of child support and CT Page 4781 $150 a week of alimony were entered on March 15, 1989. The orders were based upon a misleading financial affidavit filed by the plaintiff. Defendant's finances deteriorated. He was unable to meet those orders. On May 5, 1989, in recognition thereof, an agreement was entered into by the parties permitting defendant to pay $100 of the $350 order. The $250 balance was to accrue until a motion to modify was filed by the defendant and heard by the court. Although modification motions were filed by defendant, no hearing was held. As of this date, defendant's arrearage totals $31,350, a grotesque sum, given the defendant's financial history during the pendency of this action, plaintiff's fictional financial affidavit upon which the original pendente lite order was based, and defendant's current income. Unfortunately, this court has no power to retroactively modify the support orders. The arrearage must stand.
Neither party lives in the family home. Each lives elsewhere. They rent the home.
The court finds that defendant is entitled to credits of $25,000 for his contributions to the purchase and maintenance of the family home.
Having reviewed the evidence and the sworn financial affidavits of each party in the context of the required considerations set forth in Title 46b, Chapter 815j of the Connecticut General Statutes, a finding shall enter that the marriage has broken down irretrievably, a decree of dissolution shall enter and the following orders are entered:
1. CUSTODY
Custody of the minor child is awarded to the parents jointly. Primary physical custody shall be with the plaintiff mother.
2. ACCESS
a. Father's parenting time and access shall be a minimum of the first three of every four weekends, from Saturdays at noon to Mondays at 8 A.M. and two evenings each week, from 5 to 7 P.M. during winter evenings and 6 to 8 P.M. during summer evenings. Father shall choose the weekday evenings and notify defendant at least forty-eight hours in advance.
b. Parents shall alternate Christmas Eve, Christmas Day, Thanksgiving, Easter Sunday and young Ronald's birthday. Plaintiff shall have Mother's Day, defendant Father's Day.
3. SUPPORT CT Page 4782
a. In view of the factual circumstances of this case, and having referred to the child support guidelines, the court concludes that it is appropriate for defendant to pay $65 a week child support to plaintiff.
b. In addition, defendant shall reimburse plaintiff for one-half of the child care expenses paid by her to third party state licensed providers for services rendered during plaintiff's working hours.
4. MEDICAL INSURANCE
a. Defendant shall provide medical insurance coverage for his minor child as available through his place of employment. Should father's coverage become unavailable, mother shall provide same through her place of employment. If neither parent can comply, the cost of such coverage shall be divided equally.
b. Uninsured medical, dental, prescription, mental health, eye care, or other health care costs shall be divided equally by the parents.
c. The provisions of CGS 46b-84 (c) shall apply.
d. Defendant wife may exercise her Cobra rights at her own expense.
5. LIFE INSURANCE
Defendant shall maintain $45,000 of insurance on his life, his minor son, Ronald Pac, Jr., to be the irrevocable beneficiary thereof.
6. IRS DEPENDENCY
Parties to claim Ronald Pac, Jr., on alternate years as a dependant for income tax purposes. Defendant for 1991; plaintiff for 1992, etc.
7. ALIMONY
Defendant is to pay plaintiff $1 a year alimony for a period of four years, non-modifiable as to term. Modifiable as to only in the event of plaintiff's medical inability to pursue employment.
8. HIGH STREET, SOUTH WINDSOR, CONNECTICUT
a. The family home is to be sold forthwith. Defendant husband to supervise all details of the sale, including CT Page 4783 determining the sales price. Plaintiff to co-operate.
b. The proceeds are to be divided equally after payment of the first and second mortgages, the Connecticut Bank and Trust Mastercard the Society for Society for Savings Mastercard and attorney's fees of $9000 to both Attorneys Mitchell Esoian and Michael Budlong. From among those debts listed in the parties sworn financial affidavits, plaintiff is to pay the Bank of Boston Mastercard, Post College, Lydia Evangelinos and Dr. Georger Ginsberg and defendant is to pay Bay Bank, Donald Pac, Frank and Adele Pac and the IRS. Each is to hold the other harmless therefrom.
c. Plaintiff is to pay defendant $25,000 from the proceeds of the sale in compensation for his contributions to the purchase and maintenance of the family home.
d. Defendant is to pay plaintiff from the proceeds of the sale, $31,350 in payment of alimony and child support arrearages.
9. PERSONAL PROPERTY
a. The parties' personal property is to be divided with each retaining those personalties each brought into the marriage and each retaining those gifts each received during the marriage. The balance to be divided alternately: plaintiff choosing first, defendant choosing second, etc., until the properties and the parties are exhausted. In the event of a dispute, counsel for the parties are beseeched to assist the parties in avoiding recourse to the court.
10. APPEAL
The foregoing orders with respect to custody and visitation shall stand and operate as interim orders of the court during the pendency of any appeal.
Joseph L. Steinberg, Judge